UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| CIT BANK, N.A., ) | Case No.: 18-cv-1511 |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| -against- ) | |
| ) | |
| ) | |
| RAMON NERIS, NEW YORK CITY ) | (Hon. Victor Marrero) |
| ENVIRONMENTAL CONTROL BOARD, ) | |
| NEW YORK CITY PARKING ) | |
| VIOLATIONS BUREAU, NEW YORK ) | |
| CITY DEPARTMENT OF HOUSING ) | |
| PRESERVATOIN & DEVELOPMENT ) | |
| ) | |
| Defendants. ) | |

---

## **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SUMMARY JUDGMENT MOTION**

STANISLAV GOMBERG
GOMBERG LEGAL, P.C.
*Attorneys for Defendant*
*RAMON NERIS*
1001 Avenue of the Americas
Suite #1222
New York, NY 10018
GombergLegalPC@gmail.com
(914) 525-4392

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 2

      POINT I:   PLAINTIFF FAILS TO DEMONSTRATE STRICT COMPLIANCE WITH RPAPL § 1304 BY ADMISSIBLE NON-HEARSAY EVIDENCE, REQUIRING DENIAL OF PLAINTIFF'S SUMMARY JUDGMENT APPLICATION .............................................................................................. 4

      POINT II: PLAINTIFF'S SUMMARY JUDGMENT APPLICATION SHOULD BE DENIED AS PLAINTIFF FAILS TO ESTABLISH IT WAS THE HOLDER OF THE NOTE AT THE TIME IT COMMENCED ACTION ............................ 7

CONCLUSION ....................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*1077 Madison St., LLC v. Smith,* 670 F. App'x 745 (2d Cir. 2016) ................................ 2

*Aurora Loan Servs., LLC v. Weisblum,* 85 A.D.3D 95 (2d Dept. 2011). ...................... 4,6

*Bank of Am., N.A. v. Bittle,* 168 A.D.3d 656 (2d Dept. 2019) ............................................ 3

*Brown V. City of Syracuse,* 673 F.3D 141 (2d Cir. 2012) ................................................. 3

*Bank of New York Mellon v. Martinez,* 939 N.Y.S.2D 739 (2011) ..................................... 8

*CIT Bank, N.A. v. O'Sullivan,* 2016 U.S. DIST. LEXIS 61787 (E.D.N.Y. 2016) . ............. 3

*CIT Bank, N.A. v. Escobar,* No. 16-cv-3722, 2017 U.S. DIST. LEXIS 94093 (E.D.N.Y. June 16, 2017) .................................................................................................................... 3

*CIT Bank N.A. v. Elliott,* No. 15-cv-4395, 2018 U.S. DIST. LEXIS 58315 (E.D.N.Y. March 31, 2018) .................................................................................................................. 5

*Citibank, N.A. v. Conti-Scheurer,* 172 A.D.3D 17, (2d Dept. 2019) .................................. 6

*Deutsche Bank Natl. Trust Co. v. Spanos,* 102 A.D.3d 909 (2d Dept. 2013) ..................... 4

*Federal Natl. Mtge. Assn. v. Youkelsone,* 303 A.D.2d 546 (2d Dept. 2003) ...................... 7

*Gallo v. Prudential Residential Servs., L.P.,* 22 F.3D 1219 (2d Cir. 1994) ....................... 2

*Giglio v. Buonnadonna Shoprite, LLC,* No. 06-cv-5191, 2009 U.S. DIST. LEXIS 90111, (E.D.N.Y. September 25, 2009) ......................................................................................... 2

*GMAC Mtge., LLC V Bell,* 128 A.D. 3d 772 (2d Dept.2015) ............................................ 3

*Hicks v. T.L. Cannon Corp.,* 66 F. SUPP. 3d 312 (W.D.N.Y. 2014) ................................. 3

*HSBC Mortg. Corp. v. Gerber,* 100 A.D.3d 966 (2d Dept. 2012) ...................................... 4

*HSBC Bank USA, N.A. v. Taher,* 32 Misc.3d 1208 (Kings Co. Sup. Ct., 2011) ................ 7

*HSBC Bank USA, N.A. v. Taher,* 104 A.D.3d 815 (2d Dept. 2013) .................................. 8

*Indymac Fed. Bank FSB v. Hamilton,* 2009 NY Slip Op 32510 (N.Y. Misc. 2009) .......... 5

*Indymac Bank, FSB V. Bethley,* 22 Misc.3d 119 (Kings Co. Sup. Ct., 2009) .................... 7

*JP Morgan Chase Bank, Nat. Ass'n v. Hill,* 133 A.D.3d 1057 (N.Y. App. Div. 2015) ..... 7

*LNV Corp. v. Sofer,* 171 A.D.3d 1033, 1037 (2d Dept.2019) .......................................... 3

*Madura v. Bac Home Loans Servicing, L.P.,* 593 F. App'x 834 (11th Cir. 2014)............. 4

*Nnebe v. Daus,* 644 F.3d 147, 156 (2d Cir. 2011) .......................................................... 2

*One West Bank, F.S.B. v. Drayton,* 29 Misc.3d 1021 (Kings Co. Sup. Ct., 2010)............ 7

*PRA III, LLC v. Gonzalez,* 54 Ad3d 917 (2d Dept. 2008) ................................................ 5

*Sheet Metal Workers' Nat'l Pension Fund v. Vardaris Tech, Inc.,* No. 13-cv-5286, 2015 U.S. Dist. Lexis 144803 (E.D.N.Y. Oct. 23, 2015) ......................................................... 2

*U.S. Bank, N.A. v. Sharif,* 89 A.D.3D 723 (2d Dept.2011)................................................ 3

*United States v. Komasa,* 767 F.3d 151 (2d Cir. 2014) ..................................................... 4

*U.S. Bank, N.A. v. Collymore,* 68 A.D.3d 752 (2d Dept. 2009) ........................................ 7

*Wells Fargo Bank, N.A. v. Ostiguy,* 127 A.D.3d 1375 (3d Dept. 2015)............................ 7

**Statutes and Rules**

CPLR § 2309(C) ................................................................................................ 5

Fed. R. Civ. P. 56(A). ........................................................................................... 2

Fed. R. Evid. 803(6)(E)....................................................................................... 4,5

RPAPL 1304 .................................................................................................... 1,4,6

Real Property Law § 299-A[1] ............................................................................ 5

## **PRELIMINARY STATEMENT**

Plaintiff herein alleges to be the holder of the mortgage Note by possession and assignment for the premises located at 64 Clinton Place, Bronx, NY 10453 ("Subject Premises") based on a purported default by Defendant occurring on or about June 1, 2017. See *Exhibit B annexed to Plaintiff motion papers*. In response to Plaintiff's second summary judgment motion filing—the first of which was for judgment on the Pleadings (Docket Nos. 31, 33) was denied by this honorable Court's Order dated June 13, 2019 (Docket No 46)—Defendant Ramon Neris respectfully seeks denial of Plaintiff's application for Summary Judgment and an Order of Reference.

The basis of Defendant's opposition, as discussed in detail below, is that Plaintiff's motion must be denied in its entirety due to Plaintiff's failure to meet its *prima facie* burden of establishing its standing to commence this foreclosure action against Defendant, as well as Plaintiff's failure to demonstrate compliance with New York's mandatory strictly construed provisions of RPAPL 1304 regarding mailing of a 90-Day Notice to Defendant, and the mailing of a Default Notice to Defendant pursuant to the terms of the mortgage.

Plaintiff's failure to submit any evidence of a purported loan servicer's authorization, along with its submission of an affidavit from an unknown source and dubious credibility, results in Plaintiff failing to submit admissible nonhearsay evidence to establish its prima facie case, as well as opposition to Defendant's affirmative defenses including, but not limited to, lack of standing, and failure to comply with RPAPL 1304. As Plaintiff fails to proffer admissible nonhearsay evidence in support of its conclusory allegations of compliance with RPAPL 1304, standing, and a default date by Defendant, Plaintiff's successive summary judgment application fails to demonstrate its entitlement to judgment as a matter of law. Accordingly, Plaintiff's motion should be denied in its entirety.

1

## **LEGAL ARGUMENT**

Summary judgment will be granted where the movant demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In determining whether an award of summary judgment is appropriate, the Court considers the "pleadings, deposition testimony, answers to interrogatories and admissions on file, together with any other firsthand information including but not limited to affidavits." Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011).

The movant bears the burden of establishing that there are no genuine issues of material fact. Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). Once the movant makes such a showing, the non-movant must proffer specific facts demonstrating "a genuine issue for trial." Giglio v. Buonnadonna ShopRite, LLC, No. 06-CV-5191, 2009 U.S. Dist. LEXIS 90111, 2009 WL 3150431, at 4 (E.D.N.Y. Sept. 25, 2009). Conclusory allegations or denials will not defeat summary judgment. Id. However, in reviewing the summary judgment record, "'the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" Sheet Metal Workers' Nat'l Pension Fund v. Vardaris Tech, Inc., No. 13-CV-5286, 2015 U.S. Dist. LEXIS 144803, 2015 WL 6449420, at 2 (E.D.N.Y. Oct. 23, 2015) (quoting McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997)).

"To establish a prima facie case of foreclosure in New York, a plaintiff must show (1) a mortgage; (2) an unpaid note; and (3) proof of default." 1077 Madison St., LLC v. Smith, 670 F. App'x 745, 746 (2d Cir. 2016) (citing Fleet Natl. Bank v. Olasov, 16 A.D.3d 374, 374, 793 N.Y.S.2d 52 (2005)). After the plaintiff has established a prima facie case, the defendant may raise defenses. Id. (citing First Nat'l Bank of Highland v. J. & J. Milano, Inc., 160 A.D.2d 670, 671, 553 N.Y.S.2d 448 (1990)).

2

Plaintiff bank's demonstration may then be "overcome by showing a meritorious affirmative defense." See CIT Bank, N.A. v. O'Sullivan, 14 CV 5966, 2016 U.S. Dist. LEXIS 61787, 2016 WL 2732185, at *4 (E.D.N.Y. May 10, 2016) (quoting E. Sav. Bank, FSB v. Bright, 11-CV-1721, 2012 U.S. Dist. LEXIS 93082, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)). Under such circumstances, the burden shifts to the opposing party to produce admissible evidence of such an affirmative defense. *See id; See* also CIT Bank, N.A. v. Escobar, No. 16-CV-3722 (JFB)(SIL), 2017 U.S. Dist. LEXIS 94093, at *10-11 (E.D.N.Y. June 16, 2017)

When a Defendant has raised failure to comply with RPAPL 1304 as an affirmative defense, Plaintiff must also proffer admissible non-hearsay evidence to establish "strict compliance" with said mandatory RPAPL provisions. Bank of Am., N.A. v. Bittle, 168 A.D.3d 656, 657 (NY App. Div.). Further, if the defendant raises the defense of standing, "the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief." U.S. Bank, N.A. v. Sharif, 89 A.D.3d 723, 724 (2011). Additionally, New York Courts have also denied a foreclosing plaintiff's application for summary judgment for failure to prove its compliance with the default notice provision of the mortgage. LNV Corp. v. Sofer, 171 A.D.3d 1033, 1037 (App. Div.); See also GMAC Mtge., LLC v Bell, 128 AD3d 772, 773.

Moreover, "Successive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion." Brown v. City of Syracuse, 673 F.3d 141, 147 n.2 (2d Cir. 2012). Courts routinely deny such motions on those grounds. See, e.g., Hicks v. T.L. Cannon Corp., 66 F. Supp. 3d 312, 313-14 (W.D.N.Y. 2014). Accordingly, because, *inter alia,* Plaintiff fails to provide any reasoning why it previously failed to submit the additional documentation now submitted in support of its successive summary judgment application, Plaintiff's motion should be denied in its entirety.

3

## I. PLAINTIFF FAILS TO DEMONSTRATE STRICT COMPLIANCE WITH RPAPL 1304 BY ADMISSIBLE NON-HEARSAY EVIDENCE, REQUIRING DENIAL OF PLAINTIFF'S SUMMARY JUDGMENT APPLICATION.

Plaintiff has not satisfied NY RPAPL 1304, a condition precedent to filing a foreclosure action in New York, because the evidence submitted in support of Plaintiff's application is hearsay evidence that does not fall within any hearsay exception.

Proper service of the RPAPL § 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action. See Deutsche Bank Natl. Trust Co. v. Spanos, 102 A.D.3d 909 (2nd Dept. 2013); HSBC Mortg. Corp. v. Gerber, 100 A.D.3d 966 (2nd Dept. 2012); Aurora Loan Servs., LLC v. Weisblum, 85 A.D.3d 95 (2nd Dept. 2011). "Failure to comply with RPAPL 1304 cannot be deemed a minor irregularity which can be overlooked." *Id.* at 108. Federal Rule of Evidence 803(6) permits a court to admit hearsay evidence if, inter alia, a *qualified* witness testifies to a document being kept in the course of regularly conducted business activity, and "the opponent to the submission does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." See Fed. R. Evid. 803(6)(E). See United States v. Komasa, 767 F.3d 151, 154-55 (2d Cir. 2014) (Requiring a written declaration from custodian or other qualified person to certify a record of regularly conducted business activity); See also Madura v. BAC Home Loans Servicing, LP, 593 F. App'x 834, 845-46 (11th Cir. 2014).

Herein, Plaintiff, as its sole testimonial evidence in support of summary judgment, offers the affidavit of Tenisa Brooks "of Loancare LLC" (hereinafter "Brooks Affidavit"). See *Exhibit I of Plaintiff's motion papers*. Although the Brooks Affidavit purports that Loancare, LLC ("hereinafter "Loancare") is the mortgage loan servicer and attorney-in-fact for the Plaintiff, CIT BANK, N.A., no servicing agreement, power of attorney or any other evidence, other than the Brooks Affidavit itself, is offered to support the assertion that Loancare is authorized in anyway

4

in reference to Plaintiff or the subject mortgage. See *Id. at* ¶*1*. Indeed, the author of the Brooks Affidavit, Tenisa Brooks, does not attest to her relationship with Loancare with any specificity as her declaration that "I am Tenisa Brooks of Loancare, LLC" does little to clarify her position with Loancare, whether she is an officer, employee or authorized in any way. See *Id.*

Moreover, Plaintiff fails to provide a certificate of conformity for the Brooks Affidavit which was made and notarized outside of New York, in Florida. As New York's CPLR § 2309(c) states that "[a]n oath or affirmation taken without the state shall be treated as if taken within the state if it is accompanied by such certificate or certificates as would be required to entitle a deed acknowledged without the state to be recorded within the state if such deed had been acknowledged before the officer who administered the oath or affirmation." See Real Property Law § 299-a[1]. In New York State Courts, for an out-of-state affidavit to be admissible, it must comply with CPLR § 2309(c), which requires that an out-of-state affidavit be accompanied by a certificate of conformity. See PRA III, LLC v Gonzalez, 54 AD3d 917 (2d Dept 2008); see also Indymac Fed. Bank FSB v. Hamilton, 2009 NY Slip Op 32510(U), ¶ 7 (Sup. Ct.). In this case, Plaintiff has failed to provide any affidavit or certificate of conformity to properly establish, among other things, the credibility, source, and trustworthiness of the Brooks Affidavit.

Accordingly, the numerous issues surrounding the Brooks Affidavit demonstrate that the source of information and the method or circumstances of preparation for the Brooks Affidavit indicate a lack of trustworthiness preventing admission of the Brooks Affidavit as an exception to hearsay. See Fed. R. Evid. 803(6)(E); *Cf.* CIT Bank N.A. v. Elliott, No. 15-CV-4395(JS)(ARL), 2018 U.S. Dist. LEXIS 58315, at 11-12 (E.D.N.Y. Mar. 31, 2018).

As Plaintiff's submitted Brooks Affidavit cannot sustain any exception to the hearsay requirement, any allegations within the Brooks Affidavit, including its purported mailing of the

5

RPAPL 1304 notice, must be viewed as conclusory and inadmissible. Therefore, Plaintiff fails to submit admissible non-hearsay evidence as required to demonstrate strict compliance with the mandatory foreclosure provisions of RPAPL 1304.

Moreover, upon a review of the 90-day Notice, the notice appears to be defective on its face, as it was prepared in 11 or 12 point font, and *not* 14 point font, as required by the strict compliance standard of RPAPL 1304. See Exhibit A; See RPAPL 1304("lender...shall give notice to the borrower in at least fourteen-point type..."); See e.g., Aurora Loan Servs., LLC v Weisblum, 85 A.D.3d 95, 103 (2d Dept 2011); See Citibank, N.A. v. Conti-Scheurer, 172 A.D.3d 17, 20, (2d Dept 2019)("Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action.")

Attached hereto as Exhibit A is a true and accurate copy of plaintiff's RPAPL §1304 notice, with a computer point scale ruler superimposed on the left side of the notice. On each page, it is clearly visible that the font size is not 14 point font, and indeed is no greater than 11 point or 12 point type.[1] See Exhibit A at p. 1-3.

As Plaintiff has failed to demonstrate strict compliance with RPAPL § 1304 in both the preparation of the 90 Day Notice, and its mailing by Plaintiff or its representative, it is respectfully submitted that Plaintiff's summary judgment application must be denied. Accordingly, as articulated above, Plaintiff's application for summary judgment is clearly premature as there exist numerous issues of fact regarding the conditions precedent to filing.

---

[1] The undersigned used a Westcott 12-inch Graphic Arts Combo ruler to determine the point type. *See* https://www.amazon.com/Westcott-12-Inch-Graphic-Combo-GA-96/dp/B000KNPFKC/ref=sr_1_1?ie=UTF8&qid=1497991462&sr=8-1&keywords=westcott+12-inch+graphic+arts+combo/ I affirm that the attached measurement contained within **Exhibit A** are true and accurate.

6

## II. MOREOVER, PLAINTIFF'S SUMMARY JUDGMENT APPLICATION SHOULD BE DENIED AS PLAINTIFF FAILS TO ESTABLISH IT WAS THE HOLDER OF THE NOTE AT THE TIME IT COMMENCED THIS ACTION

Plaintiff has not demonstrated its standing at the time of commencement of this action to support its herein application for summary judgment. Plaintiff's submitted mortgage Note with allonges include improprieties resulting in Plaintiff's contention of being the holder of the subject Note at the time it commenced this action into a triable question of fact.

When Defendant raises standing as an affirmative defense, as is the case herein, the Plaintiff is obligated to demonstrate it was a holder or assignee of the mortgage Note and subject mortgage at the time the action was commenced. See Wells Fargo Bank, NA v. Ostiguy, 127 A.D.3d 1375, 1376 (2015). A Plaintiff may aver it maintains standing from obtaining physical possession of the mortgage Note, but proof of such possession *must* be provided in admissible non-hearsay evidence, which in this matter is not the case. See JP Morgan Chase Bank, Nat. Ass'n v. Hill, 133 A.D.3d 1057, 1058 (App. Div. 2015). Otherwise, a party may also maintain a foreclosure action where the Plaintiff is the assignee of the mortgage and underlying Note at the time of commencement. See U.S. Bank, N.A. v. Collymore, 68 A.D.3d 752, 754 (2d Dept. 2009); See also Federal Natl. Mtge. Assn. v. Youkelsone, 303 A.D.2d 546, 546-547 (2d Dept. 2003).

Where fraud on the part of the lender exists, it may render an assignment void. See One West Bank, F.S.B. v. Drayton, 29 Misc.3d 1021, 1022-23 (Kings Co. Sup. Ct., 2010); Indymac Bank, FSB v. Bethley, 22 Misc.3d 119(A) (Kings Co. Sup. Ct., 2009). Additionally, assignments of mortgage are found to be invalid when the individual signing on behalf of the assignor is an employee and/or agent of the assignee due to the resulting appearance of impropriety caused by the inherent conflict of interest. See HSBC Bank USA, N.A. v. Taher, 32 Misc.3d 1208 (A) (Kings Co. Sup. Ct., 2011), *reversed on the issue that trial judge improvidently exercised his*

7

*discretion in dismissing the complaint on the issue of standing sua sponte*; HSBC Bank USA, N.A. v. Taher, 104 A.D.3d 815, 962 N.Y.S.2d 301 (2013); Bank of New York Mellon v. Martinez, 33 Misc.3d 1215(A), 939 N.Y.S.2d 739 (Queens Sup. Ct., 2011).

In the case herein, as Plaintiff's submitted Brooks Affidavit should not be considered admissible nonhearsay evidence therefore insufficient to demonstrate Plaintiff as the holder of the subject Note via possession, Plaintiff otherwise also asserts that it became the holder of the subject Note through assignments of the Note, which includes (1) an allonge en blanc from Indymac Bank, F.S.B., (2) a special endorsement from FDIC as receiver for Indymac Bank to Onewest Bank FSB, and (3) a final endorsement en blanc from Onewest Bank FSB. See *pages 8 & 9 of Exhibit B (the Mortgage Note) annexed to Plaintiff's motion papers.*

Defendant contends that there is a *prima facie* appearance of impropriety herein where the indication of conflicts of interest seems apparent when examining the allonges to the Note. Specifically, the special endorsement from "FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for IndeyMac Federal Bank, FSB, successor to IndyMac, F.S.B.," and the allonge in blanc from Onewest Bank FSB are signed by the exact same allegedly authorized person, namely Sandra Schneider. See and Compare *pages 8 & 9 of Plaintiff's Exhibit B.* Sandra Schneider's execution of both attached allonges as authorized representative for two wholly distinct entities demonstrates the distinct appearance of impropriety on the part of Plaintiff and/or its predecessors in interest concerning the subject Note. See *Id.* These improprieties concerning the Note and its purported transfers prevent Plaintiff from establishing its standing to commence the herein foreclosure against Defendant as Plaintiff cannot demonstrate it was the holder of the note by assignment (nor by possession) at the time it commenced this action.

8

As Plaintiff cannot demonstrate it was the holder of the subject Note by either possession at the time of commencement of this action or via assignment, Plaintiff fails to demonstrate its standing herein. Therefore, for all the reasons discussed above, Plaintiff's application for summary judgment should be denied as Plaintiff has failed to demonstrate *prima facie* entitlement to judgment and multiple triable issues of fact exist necessitating continued discovery herein.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that this Court deny Plaintiff's Motion for Summary Judgment in its entirety.

Dated: August 22, 2019
New York, NY

<div style="text-align: right;">

GOMBERG LEGAL, P.C.
Attorneys for Defendant

By: _____
Stanislav Gomberg, Esq.
1001 6th Avenue, #1222
New York, NY 10018
GombergLegalPC@gmail.com
914.525.4392

</div>

9

Case No. 18-cv-1511
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===========================================

CIT BANK, N.A.,

                      Plaintiff,

   -against-

RAMON NERIS, NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, NEW YORK CITY DEPARTMENT
OF HOUSING PRESERVATION & DEVELOPMENT,
                 Defendants.

===========================================

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' SUMMARY JUDGMENT MOTION

===========================================

### GOMBERG LEGAL, P.C.
Attorney for Defendant
1001 Avenue of the Americas, #1222
New York, NY 10018
(914) 525-4392
Email: Gomberglegalpc@gmail.com

===========================================

*Pursuant to **22 NYCRR 130-1.1**, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: August 23, 2019*                  *Signature* _____

                                     Print Signer's Name: <u>Stanislav Gomberg, Esq.</u>

===========================================

*Service of a copy of the within*                                     *is hereby admitted.*

*Dated: August 23, 2019*

                                                              _____

                                                                        *Attorney for Defendant*

===========================================

### GOMBERG LEGAL, P.C.
Attorney for Defendant
1001 Avenue of the Americas, #1222
New York, NY 10018
(914) 525-4392
Email: Gomberglegalpc@gmail.com