```
                                        ┃ ║ DOCUMENT                 ┃
                                        ┃ ║ ELECTRONICALLY FILED     ┃
UNITED STATES DISTRICT COURT            ┃ ║ DOC #:_____    ┃
SOUTHERN DISTRICT OF NEW YORK           ┃ ║ DATE FILED: 11/1/19      ┃
```

```
----------------------------------X
CIT BANK, N.A.,                        :
                                       :    18 Civ. 1511 (VM)
                    Plaintiff,         :
                                       :
     - against -                       :    DECISION AND ORDER
                                       :
RAMON NERIS, et al.,                   :
                                       :
                    Defendants.        :
----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

This case entails a residential mortgage foreclosure action brought by California-based national banking association CIT Bank, N.A. ("CIT Bank") against Ramon Neris ("Neris"), the mortgagor of property located at 64 Clinton Place, Bronx, NY 10453 (the "Property"), and junior lienholders New York City Environmental Control Board ("ECB"), New York City Parking Violations Bureau ("PVB"), and New York City Department of Housing Preservation and Development ("HPD," and collectively with the ECB and PVB the "City Defendants"). Now before the Court is CIT Bank's motion for (1) summary judgment against Neris; (2) default judgment against the City Defendants; and (3) judgment of foreclosure and sale pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") Section 1351. (See Dkt. No. 51.) For the reasons set forth below, CIT Bank's motion is DENIED without prejudice as to summary judgment against Neris,

1

default judgment against the City Defendants, and judgment of foreclosure and sale.

## I. BACKGROUND

Neris purchased the Property on May 1, 2006. (See Dkt. No. 1-1 at 52.) On August 15, 2007, Neris borrowed $451,250.00 (the "Loan") from IndyMac Bank, F.S.B. (See Plaintiff's Statement of Material Facts, Dkt. No. 53-1, at ¶ 1.) Neris secured the Loan by executing and delivering a mortgage (the "Mortgage") dated August 15, 2007, which was recorded in the real estate records of the Office of the City Register of the New York City Department of Finance on October 27, 2008. (See id.) To evidence the loan, Neris executed a fixed/adjustable rate note (the "Note"), dated August 15, 2007. (See id.)

The Note and Mortgage were physically delivered to OneWest Bank, FSB on March 12, 2012, and CIT Bank acquired OneWest Bank, FSB in 2015. (See id. at ¶¶ 2-3.) CIT Bank and Neris subsequently entered into a Home Affordable Modification Agreement (the "Loan Modification Agreement"), effective January 1, 2017. (See id. at ¶ 3.)

Neris stopped making payments in accordance with the Note, Mortgage, and Loan Modification Agreement on June 1, 2017. (See id. at ¶ 4.) On February 20, 2018, CIT Bank commenced this action. (See "Complaint," Dkt. No. 1.)

2

Although Neris initially failed to appear (see Dkt. No. 23), he subsequently appeared and answered the Complaint. (See "Answer," Dkt. No. 27.)

From July 30, 2018 through August 20, 2018, CIT Bank and Neris filed multiple letters regarding CIT Bank's intention to file a motion for summary judgment against Neris. (See Dkt. Nos. 30, 32-33.) The Court construed CIT Bank's letters as a motion for judgment on the pleadings and denied that motion without prejudice to subsequent summary judgment motions on June 13, 2019. See generally CIT Bank, N.A. v. Neris, 385 F. Supp. 3d 241 (S.D.N.Y. 2019). The Court based its denial on CIT Bank's failure to submit an affidavit establishing proof of Neris's default or proof of CIT Bank's compliance with the statutory requirements set forth in RPAPL Section 1304. See id. at 244. On June 21, 2019, the Court granted CIT Bank's request to file the instant motion for summary judgment. (See Dkt. No. 45.)

## II.  **DISCUSSION**

### A.  STANDARD OF REVIEW

Summary judgment is appropriate if the evidence shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322

3

(1986). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. See Celotex Corp., 477 U.S. at 323; Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). If the moving party satisfies its burden, the nonmoving party must provide specific facts showing that there is a genuine issue for trial in order to survive the motion for summary judgment. See Shannon v. New York City Transit Auth., 332 F.3d 95, 98—99 (2d Cir. 2003).

Neris argues that the instant motion for summary judgment must be denied as a procedurally improper successive motion, as it does not raise arguments that could not have been previously raised in CIT Bank's motion for judgment on the pleadings. (See "Def. Mem.", Dkt. No. 55, at 3.) However, "[d]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004). This principle applies even where a movant's argument "could have been raised in the first [dispositive] motion." Int'l Cards Co. v. MasterCard Int'l Inc., No. 13 Civ. 2576, 2017 WL 1133425, at *5 (S.D.N.Y. Mar. 24, 2017). Thus, the Court may and does entertain the instant motion for summary judgment, which CIT Bank filed only after

receiving the Court's leave on June 21, 2019. (See Dkt. No. 45.)

## B. CIT BANK'S PRIMA FACIE CASE FOR FORECLOSURE

Under New York law, "a plaintiff establishes prima facie his or her right to foreclosure where the note and mortgage are produced to the court, along with undisputed evidence the mortgagor has failed to make payment due under the loan agreements." Kondaur Capital Corp. v. Cajuste, 849 F. Supp. 2d 363, 369 (S.D.N.Y. 2012). A plaintiff may establish the mortgagor's failure to make payment through an affidavit from a representative of its servicing agent. See, e.g., U.S. Bank, N.A. v. Smith, 19 N.Y.S.3d 62, 64 (App. Div. 2d Dep't 2015).

CIT Bank has produced copies of the original Note and Mortgage as attachments to the Complaint and the C.P.L.R. Section 3012-b Certificate of Merit (see Dkt. Nos. 53-2, 53-3), which sufficiently demonstrates its physical possession of the Note and Mortgage. See JPMorgan Chase Bank, Nat. Ass'n v. Weinberger, 37 N.Y.S.3d 286, 288 (App. Div. 2d Dep't 2016). As proof of Neris's default, CIT Bank submits the affidavit of Tenisa Brooks, an employee of the mortgage loan servicer and attorney-in-fact for CIT Bank. (See "Brooks Affidavit," Dkt. No. 53-9.) The Brooks Affidavit states that Neris stopped making payments due under his loan agreements beginning on

June 1, 2017, and it attaches what appear to be mortgage loan history records reflecting Neris's failure to pay. (See id.)

Unfortunately for CIT Bank, the Brooks Affidavit does not adequately set forth "the amount of damages due under the Note and Mortgage," as previously required by this Court. See Neris, 385 F. Supp. 3d at 244. The amount of damages set forth in the Brooks Affidavit is inconsistent with the amount alleged in other affidavits submitted by CIT Bank, creating an issue of material fact that renders summary judgment inappropriate. In particular, the Brooks Affidavit quotes the value of unpaid accrued interest from May 1, 2017 to August 2, 2019 as $28,973.30 and the cost of property inspections as $1,006.00, while CIT Bank's "Statement of Damages" lists the same figures as $12,071.47 and $946.00 respectively. (Compare Brooks Affidavit at 2, 3, with Dkt. No. 53-11 at 1.) These inconsistent documents in turn affect the total amount allegedly due on the Note, with the Brooks Affidavit stating a value of $658,632.94 and the Statement of Damages stating a value of $641,671.11. (Compare Brooks Affidavit at 3, with Statement of Damages at 1.)

The business records attached to the Brooks Affidavit do not clearly reflect the correct amounts due on the Note, either. In fact, the Brooks Affidavit provides almost no

6

detail on what these business records are, how they were prepared, or how to interpret them. "The affidavit contains no description of the general processes and procedures for generating" these business records and instead merely includes "barebones detail" alleging that the records were made at or near the time of the underlying activity by persons with knowledge. See OneWest Bank, N.A. v. Guerrero, No. 14 Civ. 3754, 2016 WL 3453457, at *6 (S.D.N.Y. June 17, 2016) (denying summary judgment where affidavit failed to establish CIT Bank's compliance with RPAPL Section 1304). The Court concludes that granting summary judgment against Neris would be improper under these circumstances, and it consequently need not consider Neris's other arguments in opposition to summary judgment at this time.

Because CIT Bank has failed to establish a prima facie case for foreclosure, as indisputably evidenced by the conflicting documentation it has submitted in support of its motion, CIT Bank's motion for summary judgment against Neris and a judgment of foreclosure and sale are denied without prejudice to the filing of a properly supported subsequent motion for summary judgment. Such motion should include an affidavit that clearly establishes the fact and precise amount due by reason of Neris's default, as well as the

7

reliability of the business records relied upon to prove that fact.

## C. Default Judgment Against City Defendants

CIT Bank also moves for default judgment against the City Defendants. To obtain a default judgment under Federal Rule of Civil Procedure 55, a party must first obtain a certificate of default from the Clerk of Court and then move the District Court for the entry of default judgment. See OneWest Bank N.A. v. Louis, No. 15 Civ. 597, 2016 WL 3552143, at *11 (S.D.N.Y. June 22, 2016). Courts should then consider whether the non-appearing defendants had notice of the suit and an opportunity to be heard. See CIT Bank v. Dambra, No. 14 Civ. 3951, 2015 WL 7422348, at *3 (S.D.N.Y. Sept. 25, 2015) (finding that defendants had notice where properly served with process). None of the City Defendants have entered an appearance in this action, and the Clerk of Court has already issued Certificates of Default against all three. (See Dkt. Nos. 24-26.) CIT Bank has also demonstrated that it properly served the City Defendants. (See Dkt. No. 53-7 at 8-10.)

"However, a default judgment is improper if the complaint's well-pleaded allegations fail to state a claim against the non-answering defendants." Louis, 2016 WL 3552143, at *11. In particular, RPAPL Section 202-a(1)

8

requires that a plaintiff seeking a judgment of foreclosure against New York City or any "department, bureau, board, commission, officer, agency, or instrumentality thereof" allege "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." A complaint that establishes nominal liability against such defendants will satisfy this standard. See, e.g., CIT Bank, N.A. v. Howard, No. 14 Civ. 7470, 2018 WL 3014815, at *12-13 (E.D.N.Y. June 15, 2018). Bare allegations that defendants are lienholders cannot demonstrate nominal liability, but allegations supported by documentary evidence reflecting the interest or lien will suffice. See CIT Bank, N.A. v. Paganos, No. 14 Civ. 3987, 2015 WL 13731361, at *6 (E.D.N.Y. Sept. 25, 2015).

CIT Bank has adequately alleged liability as to the ECB and HPD by attaching documents reflecting an ECB Violation in the amount of $300.00 and a Relocation Lien held by the HPD in the amount of $46,427.89. (See Dkt. No. 53-2 at 16-17.) However, because CIT Bank attached no documentary proof as to the PVB, its case rests only on the unsubstantiated allegation that the PVB is "the holder of a lien encumbering the Property, which is subject and subordinate to Plaintiff's Mortgage." (See id. at ¶ 5.) As these bare allegations cannot

9

establish the PVB's nominal liability, the Court denies CIT Bank's motion for default judgment against the City Defendants without prejudice.

## III.  ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion of CIT Bank, N.A. for summary judgment against Ramon Neris; default judgment against the New York City Environmental Control Board, the New York City Parking Violations Bureau, and the New York City Department of Housing Preservation and Development; and judgment of foreclosure and sale and the appointment of a referee to conduct a public auction of the mortgaged property located at 64 Clinton Place, Bronx, NY 10453 (Dkt. No. 51) is **DENIED** without prejudice.

**SO ORDERED.**

Dated:    New York, New York
          1 November 2019

Victor Marrero
U.S.D.J.

10