United States District Court
for the
Southern District of New York

| | |
|---|---|
| CIT BANK, N.A. )<br><br>  Plaintiff )<br>  v. )<br> )<br> )<br>RAMON NERIS, NEW YORK CITY )<br>ENVIRONMENTAL CONTROL BOARD, )<br>NEW YORK CITY PARKING )<br>VIOLATIONS BUREAU, NEW YORK )<br>CITY DEPARTMENT OF HOUSING )<br>PRESERVATION & DEVELOPMENT )<br> )<br>  Defendant(s) ) | Civil Action No. 18-cv-01511<br>**ORDER GRANTING DEFAULT JUDGMENT AND JUDGMENT OF FORECLOSURE AND SALE** |

Before the Court is a motion for default judgment against New York City Environmental Control Board, New York City Parking Violations Bureau, and New York City Department of Housing Preservation and Development, pursuant to Fed. R. Civ. P. §55(b)(2) and L. R. Civ. P. §55, judgment of foreclosure and sale against the Defendants pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1351, and related relief. The action was commenced by the filing of a summons and complaint on February 20, 2018, a copy of which was served on Ramon Neris on March 7, 2018, served on New York City Environmental Control Board on March 6, 2018, served on New York City Parking Violations Bureau on March 6, 2018 and served on New York City Department of Housing Preservation & Development on March 6, 2018. Ramon Neris filed an answer on May 24, 2018. The other Defendants failed to answer the Complaint, the Plaintiff requested a Certificate of Default on April 20, 2018, and such certificate was entered by the Clerk of the Court on May 1, 2018. On June 2, 20222, the Court filed a Decision and Order as well as a Judgment against Ramon Neris.

The Plaintiff complied with the rules for securing a default judgment against the non-

1

appearing Defendants as well as a judgment of foreclosure and sale under New York law.

Pursuant to RPAPL §1351(1), which states the judgment shall also include the name and telephone number of the mortgage servicer for a plaintiff involving a mortgage foreclosure of a one- to four-family residential property; the mortgage loan servicer and attorney-in-fact for the Plaintiff has the following name and telephone phone number: Loancare, LLC, 800-274-9900

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED,** the Plaintiff's motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED,** the Plaintiff is awarded default judgment against the Defendants, New York City Environmental Control Board, New York City Parking Violations Bureau, and New York City Department of Housing Preservation and Development, pursuant to Fed. R. Civ. P. 55(b)(2); and it is further

**ORDERED, ADJUDGED AND DECREED**, the Plaintiff is awarded a Judgment of Foreclosure and Sale against the Defendants pursuant to RPAPL § 1351; and it is further

**ORDERED, ADJUDGED AND DECREED,** that Judgment of Foreclosure and Sale is in the amount of $713,476.95 as of February 28, 2022 with an unpaid principal balance of $613,452.36 as of February 28, 2022, with contractual interest at the rate of 3.000 percent which results in a *per diem* rate of $35.24 until entry of this order and the statutory rate thereafter; and it is further

**ORDERED, ADJUDGED AND DECREED,** the mortgaged property at 64 Clinton Place, Bronx, NY 10453, ("Property") cannot be sold in parcels; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Property shall be sold pursuant to RPAPL §1351, a deed be issued in accordance with RPAPL §1353(1) and that the sale proceeds

be distributed in accordance with RPAPL § 1354; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Property be sold in one parcel at public auction to the highest bidder, as authorized under RPAPL §231(1), at the Rotunda of the Bronx County Courthouse, 851 Grand Concourse, Bronx, NY 10451, by <u>Joyce A. Brown, Esq., 40 Rockridge Road, Mount Vernon, NY 914-668-8984</u>, who is hereby appointed Referee to effectuate the sale of the Property; that public notice of the time and place of the sale be made by the Referee in compliance with RPAPL § 231(2)(a) and the practice of this Court, and published in a publication in compliance with RPAPL § 231; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Property be sold in "as is" condition defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that said sale shall be subject to:

(a)  Rights of the public and others in and to any part of the Property that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b)  Any state of facts that an accurate, currently dated survey might disclose;

(c)  Rights of tenants, occupants or squatters, if any.  It shall be the responsibility of the Purchaser to evict or remove any parties in possession of the Property being foreclosed.  There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

(d)  The right of redemption of the United States of America, if any; and it is further

**ORDERED, ADJUDGED AND DECREED,** in accordance with RPAPL § 1353(1) that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED,** after sale the Referee shall deposit, in his/her name as Referee, the initial bid deposit in his/her IOLA or Separate Account, in a bank or trust company authorized to transact business in New York. This account shall be used solely to complete the closing of the sale and payment of the items referenced herein as needed; and it is further

**ORDERED, ADJUDGED AND DECREED,** that in accordance with RPAPL §1351(1) upon payment of the purchase price the Referee execute a deed to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED,** that in accordance with RPAPL §1354 upon payment of the purchase price the Referee is directed to make the following payments or allowance from the sale proceeds to the plaintiff,

FIRST: Payment pursuant to CPLR § 8003, by the Referee of five hundred dollars ($500.00) which represents the statutory fees for his/her conducting the sale of the subject Property.

SECOND: Payment by the Referee for the costs of advertising or posting as listed on bills submitted to and certified by the Referee to be correct.

THIRD: Payment, in accordance with RPAPL § 1354(1) by the Referee to the Plaintiff or its attorney for the following: amount due Plaintiff; costs and disbursements; attorney fees and an

4

additional allowance, if awarded.

**Amount Due Plaintiff.** $711,947.85 including interest through February 28, 2022, together with interest at the Note/Loan Modification Agreement rate (3.000%) until the date of entry of this Judgment, and thereafter at the statutory rate until the date of transfer of the Referee's Deed.

**Costs and Disbursements.** $1,529.10 adjudged to the Plaintiff for costs and disbursements in the action, which will be taxed by the County Clerk and inserted herein, with interest at the Judgment rate thereon from the date of entry hereof.

FOURTH: Payment, in accordance with RPAPL §1354(2), of all taxes, assessments and water rates that are liens upon the Property and redeem the Property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment.

**ORDERED, ADJUDGED AND DECREED,** that Plaintiff may, after entry of this judgment, make all necessary advances for inspections and maintenance of the Property, taxes, insurance premiums or other advances necessary to preserve the Property, whether or not said advances were made prior to or after entry of judgment, so long as said advances are not included in the amount due Plaintiff awarded herein, and that the Referee be provided with receipts for said expenditures, which amounts together with interest thereon at the Note rate from the date of the expense until the date of entry of this Judgment, then with interest at the Judgment rate until the date of transfer of the Referee's Deed shall be included in the amount due Plaintiff; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Plaintiff is the purchaser at sale, the Referee shall not require the Plaintiff to pay either a deposit or the bid amount, but shall

execute and deliver to the Plaintiff a Deed of the premises sold upon the payment of the statutory fees of $500.00 for conducting the sale of the subject Property.  Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed.  The balance of the bid amount shall be applied to the amounts due to the Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds.  In accordance with RPAPL §1354(4), the Referee shall take receipts for the money so paid out by him/her and file the same with his/her report of sale, and that he/she deposit the surplus moneys, if any, with the Treasurer of Bronx County within five (5) days after same shall be received and ascertainable, to the credit of this action, to be withdrawn only upon the order of the court, signed by a Justice of this Court; that the Referee make a report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom the payments were made with Clerk of the County of Bronx within thirty (30) days of completing the sale, and executing the proper conveyance to the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED,** transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed.  All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds.  Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** the Referee make a report of sale in accordance with RPAPL §1355(1), showing the disposition of the sale proceeds accompanied by the receipts for payments made and file it with the Clerk of the Court within thirty (30) days of completing the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at such sale be let into possession on producing the Referee's Deed; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the liens of the Plaintiff other than the Mortgage or Mortgages that are the subject matter of this action are also foreclosed herein as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

**ORDERED, ADJUDGED AND DECREED,** that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR, Part 36), including, but not limited to, §36.2(c) ("Disqualification from appointment") and §36.2(d) ("Limitations on appointments based upon compensation") and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Judge forthwith; and no fee shall be paid to such appointee until said appointee has filed all necessary OCA forms with the Court; and it is further

**ORDERED, ADJUDGED AND DECREED,** that pursuant to CPLR §8003(b), absent application to the court, further court order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not demand, accept or receive more than the statutory amount of five hundred dollars ($500.00) otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay or stay of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the property be sold by the Referee, in accordance with RPAPL §1351(1); that the date of the judgment is deemed the date it is entered; and that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with Fed. R. Civ. P. §6(b), the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable.

**SO ORDERED.**

September 13, 2022

_____
Victor Marrero
U.S.D.J.

## Schedule A

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND, SITUATE LYING AND BEING IN THE BOROUGH AND COUNTY OF BRONX, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF CLINTON PLACE DISTANT 175 FEET WESTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHERLY SIDE OF CLINTON PLACE AND THE WESTERLY SIDE OF GRAND AVENUE;

RUNNING THENCE SOUTHERLY PARALLEL WITH GRAND AVENUE, 100 FEET;

THENCE WESTERLY PARALLEL WITH SAID CLINTON PLACE, 25 FEET;

THENCE NORTHERLY PARALLEL WITH GRAND AVENUE, 100 FEET TO THE SOUTHERLY SIDE OF CLINTON PLACE;

THENCE EASTERLY ALONG THE SOUTHERLY SIDE OF CLINTON PLACE, 25 FEET TO THE POINT OR PLACE OF BEGINNING.

FOR TITLE REFERENCE SEE DEED IN INSTRUMENT NUMBER 2006000289133.

ALSO KNOWN AS 64 CLINTON PLACE, BRONX, NEW YORK 10453;

DESIGNATED:     BOROUGH: BRONX
                BLOCK: 3207
                LOT: 15

1258922
50000840-066